Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001125
23-MAR-2016
07:46 AM

NO. CAAP-14-0001125

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PEAK CAPITAL GROUP, LLC,
Plaintiff/Appellee,
v.
CHRISTOPHER HULL PEREZ, JENNIFER HULL PEREZ,
Defendants/Appellees,
and
JOHN AND MARY DOES 1-20, DOE PARTNERSHIPS,
CORPORATIONS, AND OTHER ENTITIES 1-20,
Defendants,
and
LINDA WILCOX ROBINSON
Real-Party-In-Interest/Appellant,
and
CINDY A. PEDRO,
Real-Party-In-Interest


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2899)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Reifurth and Ginoza, JJ.)

Real-Party-in-Interest/Appellant pro se Linda Wilcox Robinson (**Robinson**) appeals from the "Order Denying Tenant's Motion for Return of Possessions Upon the Unlawful Execution of Writ of Ejectment and for Monetary Sanctions; Complaint for Damages; Order Filed May 7, 2014," entered on August 27, 2014 in the Circuit Court of the First Circuit[1] (**circuit court**).

---

[1]     The Honorable Bert I. Ayabe presided.

On appeal, Robinson argues that the circuit court erred in permitting Plaintiff/Appellee Peak Capital Group, LLC (**Peak**) to evict her from a foreclosed property once owned by Defendants/Appellees Christopher Hull Perez and Jennifer Hull Perez (together, **Perezes**). Robinson contends the circuit court erred in denying her "Tenant's Motion for Return of Possessions Upon the Unlawful Execution of Writ of Ejectment and for Monetary Sanctions" (**Motion for Return of Possession**) because (1) Peak improperly foreclosed upon the Perezes' property; (2) Peak failed to give Robinson, a tenant of the property, adequate notice to vacate under the federal Protecting Tenants at Foreclosure Act of 2009 (**PTFA**)[2] and Hawaii's Residential Landlord-Tenant Code, Hawaii Revised Statutes (**HRS**) § 521-71 (2006 Repl.); and (3) Robinson was denied due process and equal protection of law.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Robinson's appeal is without merit.

(1) Robinson contends the circuit court erred in foreclosing on the Perezes' property. However, at no time during the circuit court proceedings did Robinson appeal the circuit court's February 15, 2011 order and judgment that granted summary judgment in Peak's favor and entered an interlocutory decree of foreclosure against the Perezes. Because the order and judgment foreclosing on the property was never appealed, Robinson cannot challenge the foreclosure in this appeal. See Beneficial Hawaii, Inc. v. Casey, 98 Hawai'i 159, 165, 45 P.3d 359, 365 (2002) ("A litigant who wishes to challenge a decree of foreclosure and order of sale may--and, indeed, must--do so within the thirty day period following entry of the decree or will lose the right to appeal that portion of the foreclosure proceeding".).

---

[2] PTFA, Pub. L. No. 111-22, Div. A, Title VII, § 702, 123 Stat 1632, 1660-61 (2009) (codified at 12 United States Code § 5220 note), as amended by Protecting Tenants at Foreclosure Extension and Clarification Act, Pub. L. No. 111-203, Title. XIV, § 1484, 124 Stat 1376, 2204 (2010).

(2) Robinson challenges the circuit court's order granting Peak's writ of ejectment, arguing that Peak did not give her adequate notice to vacate before seeking and executing its writ of ejectment. Specifically, Robinson argues that she was entitled to ninety days notice, under PTFA,[3] and forty-five days notice, under HRS § 521-71,[4] before Peak could evict her from the property.

The circuit court entered its order granting Peak's writ of ejectment on May 8, 2013, and Robinson did not appeal the order.[5] In issuing the writ of ejectment, the circuit court found that Peak was "entitled to immediate, exclusive possession of all of the [foreclosed property]." The writ of ejectment commanded the proper authorities to "remove forthwith [the Perezes], and all persons holding under or through him [sic] from the premises . . . including their personal belongings and properties, and put [Peak], or its nominee, in full possession thereof[.]"

Judgment was entered on the circuit court's order granting the writ of ejectment pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 54(b). Therefore, Robinson's argument that Peak was required to provide notice to vacate before obtaining a writ of ejectment should have been raised in an appeal from the circuit court's order and judgment issuing the writ. See

---

[3] Robinson contends that she was a bona fide tenant under PTFA. PTFA provides that "bona fide tenants" residing in foreclosed residential real property are entitled to at least ninety days advance notice of their obligation to vacate the premises before they can be evicted. See PTFA § 702(a).

[4] Robinson contends that she was in a month-to-month tenancy relationship with Peak and, therefore, entitled to forty-five days notice under HRS § 521-71(a) and (e).

[5] In addition, Robinson did not appeal from the circuit court's orders denying her motion to stay and denying her motion for reconsideration. Consequently, we do not have jurisdiction to revisit those circuit court decisions in this appeal. See Riethbrock v. Lange, 128 Hawai'i 1, 17, 282 P.3d 543, 559 (2012) ("[W]hen a party appeals from a single order, '[the ICA] will only consider other orders which were preliminary rulings upon which the subject Order was predicated or were a part of the series of order which collectively led to that Order.'") (quoting Cook v. Surety Life Ins., Co., 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995) (emphasis omitted)).

Taylor-Rice v. State, 105 Hawai'i 104, 111, 94 P.3d 659, 666 (2004) ("[I]t is elementary that where a party to a suit does not appeal from the decree entered therein, he or she must be held to acquiesce in it.") (quoting State ex rel. Price v. Magoon, 75 Haw. 164, 188, 858 P.2d 712, 724 (1993)); see also Weinberg v. Mauch, 78 Hawai'i 40, 46, 890 P.2d 277, 283 (1995) ("[I]t is a necessary inference from [HRCP] 54(b) that the orders collectively constitute a final judgment and . . . entry of the last of the series of orders gives finality and appealability to all.") (quoting S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 75 Haw. 480, 495, 866 P.2d 951, 960 (1994)). Given that Robinson failed to appeal the circuit court's order and judgment granting Peak's writ of ejectment, she cannot challenge the appropriateness of the circuit court's ejectment order on appeal from the denial of her Motion for Return of Possessions.

(3) Robinson contends the circuit court denied her due process when it denied her Motion for Return of Possessions. Specifically, Robinson argues that the "the trial judge committed a 'materially harmful error' by unjustly denying [her] an opportunity to present [her] case, denying [her] constitutional rights to a timely notice and a hearing, by ignoring [her] objections and motion to cure and failing to acknowledge these errors."

"Due process encompasses the opportunity to be heard at a meaningful time and in a meaningful manner. Due process is flexible and calls for such procedural protections as the particular situation demands." KNG Corp. v. Kim, 107 Hawai'i 73, 80, 110 P.3d 397, 404 (2005) (quoting Kernan v. Tanaka, 75 Haw. 1, 22, 856 P.2d 1207, 1218 (1993)). The circuit court gave Robinson ample opportunity to be heard despite her failure to properly intervene in the case,[6] failure to appeal from the

---

[6] Robinson did not formally intervene in the Peak's lawsuit against the Perezes as required under HRCP Rule 24. Although Robinson failed to intervene in the circuit court proceedings, the circuit court allowed Robinson to file multiple post-judgment motions on behalf of herself and other alleged tenants of the Perezes' foreclosed property.

circuit court's order and judgment granting a writ of ejectment, and repeated failure to properly raise her PTFA defenses.[7] In considering Robinson's motion to stay the execution of the writ of ejectment, the circuit court stated:

> I'm inclined today to deny this motion without prejudice, okay. . . . I guess the moving party has not shown that they are protected or a bona fide tenant at this point in time. But if you do have documents or you do want to refile things, you can refile. That's why I'm saying it's done without prejudice, okay. It can be refiled but it has to be done more — it has to be done properly, you have to file the proper documents with the Court.
>
> I know you are representing yourself so it's hard, but if you represent yourself, you are bound to understand the rules of the court, too. I mean, that's the way it works. I can't tell you how to practice but you need to file the proper documents with the Court. Okay? But you can refile something. Okay?

Robinson's opening brief fails to point to any instances where the circuit court denied her an opportunity to present her case, and the record indicates that the circuit court gave Robinson multiple opportunities to be heard "at a meaningful time and in a meaningful manner." See KNG Corp., 107 Hawai'i at 80, 110 P.3d at 404. Robinson's argument that the circuit court denied her due process is without merit.

Robinson's opening brief also argues that Peak committed a "direct violation of [her] Fourteenth Amendment equal protection rights" when it executed the writ of ejectment. Robinson, however, fails to argue how Peak's execution of the writ violated her right to equal protection. Therefore, we deem her argument waived. See Hawai'i Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

---

[7] The circuit court previously denied Robinson's motion to stay without prejudice because Robinson failed to prove that she was a bona fide tenant thereby availing herself of PTFA's ninety day notice requirement. The circuit court, however, granted Robinson leave to refile her motion with the proper documentation needed to prove her PTFA defense. Robinson then filed a motion for reconsideration and her Motion for Return of Possessions. Both motions again raised PTFA defenses without providing the circuit court with any additional evidence upon which the court could rule that Robinson was a bona fide tenant. The circuit court held hearings for all three post-judgment motions.

Therefore,

IT IS HEREBY ORDERED that the "Order Denying Tenant's Motion for Return of Possessions Upon the Unlawful Execution of Writ of Ejectment and for Monetary Sanctions; Complaint for Damages; Order Filed May 7, 2014," entered on August 27, 2014 in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, March 23, 2016.

On the briefs:

Linda Wilcox Robinson
Real-Party-In-
Interest/Appellant pro se.

Everett Walton
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge